# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT JAY WARD,

                Plaintiff,

v.

C.O. NICHOLS, C.O. MARWITZ, and LT. FISHER,

                Defendants.

Case No. 24-CV-489-JPS

**ORDER**

    Plaintiff Robert Jay Ward, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by denying him adequate medical treatment. ECF No. 1. This Order addresses the outstanding initial partial filing fee, resolves Plaintiff's motion for leave to proceed without prepaying the filing fee, and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

    The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

    On May 6, 2024, the Court ordered Plaintiff to pay an initial partial filing fee ("IPFF") of $0.96. ECF No. 6. On May 10, 2024, Plaintiff filed a

letter regarding his inability to pay, ECF No. 7, along with his recent trust account statement, ECF No. 8. Based on Plaintiff's recent communications, the Court will waive the initial partial filing fee. A court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal punctuation omitted). The Seventh Circuit has instructed, "It is not enough that the prisoner lacks assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee." *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Here, the Court has reviewed Plaintiff's more recent trust account statement, and it is satisfied that he has not intentionally depleted his account to avoid payment. As such, the Court will waive the initial partial filing fee. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No 2. He must pay the filing fee over time in the manner explained at the end of this Order.

2. **SCREENING THE COMPLAINT**

    2.1 **Federal Screening Standard**

    Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must

dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2.2 Plaintiff's Allegations

Plaintiff names Defendants C.O. Nichols ("Nichols"), C.O. Marwitz ("Marwitz"), and Lt. Fisher ("Fisher") in relation to his allegations. ECF No. 1 at 1. On March 6, 2024, at approximately 9:00 a.m., Plaintiff pressed his emergency call button in his cell because he was having a severe migraine and he felt like he was dying. *Id.* at 2. Plaintiff lay on his bunk and pressed the emergency button again ten minutes later with no response. *Id.* Plaintiff woke up on the floor around 9:30 or 9:40 a.m. with blood on the floor, toilet, and all over his face. *Id.* Plaintiff was bleeding from a gash on his right eyebrow. *Id.* Plaintiff started yelling for help and two inmates asked if he needed help getting staff to respond. *Id.* Plaintiff heard Nichols doing his half-hour rounds and Plaintiff saw Nichols's shadow. *Id* at 2–3. Plaintiff heard several inmates yelling for help when Nichols was still on the tier. *Id.* at 3. Nichols never came to help Plaintiff. *Id.* At around 9:50 a.m., C.O. Finley came to Plaintiff's door and got him help. *Id.* Plaintiff was rushed to a Waupun hospital in an ambulance and treated. *Id.* Plaintiff is suing Defendants for their deliberate indifference to Plaintiff's medical emergency. *Id.* Nichols ignored Plaintiff on his rounds, Marwitz was in the RHU control bubble, and Fisher was the lieutenant in charge of RHU that day. Marwitz should have responded to Plaintiff's emergency calls, but he failed to respond or tell anyone about the emergency. *Id.*

## 2.3 Analysis

The Court finds that Plaintiff may proceed against Nichols, Marwitz, and Fisher on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of

prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Nichols, Marwitz, and Fisher. Plaintiff alleges suffering a medical emergency and that these defendants failed to timely respond. The Court notes that Fisher would not be liable simply based on supervisory liability, however, at this stage it is unclear whether he was aware of Plaintiff's medical emergency and failed to act. As such, Plaintiff may proceed against Nichols, Marwitz, and Fisher on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Nichols, Marwitz, and Fisher for their deliberate indifference to Plaintiff's serious medical need.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on **Defendants Nichols, Marwitz, and Fisher**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall

forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.